No. 26-10118



U.S. COURT OF APPEALS
RECEIVED
Apr 27, 2026
FIFTH CIRCUIT

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

FUYAN WANG,

Plaintiff-Appellee,

v.

CONGHUA YAN,

Defendant-Appellant.

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
Civil Action No. 4:25-cv-01247-P
The Hon. Mark T. Pittman, Presiding

# ADDENDUM OF STATUTORY PROVISIONS TO OPENING
## BRIEF OF DEFENDANT-APPELLANT

Pertinent Statutes Pursuant to Fed. R. App. P. 28(f)

## ADDENDUM TABLE OF CONTENTS

***Federal Statutes***

28 U.S.C. § 1447 (Procedure after removal generally) ...............................Add. 4

29 U.S.C. § 1056(d) (Assignment or alienation of plan benefits) ...............Add. 5

29 U.S.C. § 1132(a)(3), (e)(1) (Civil enforcement)....................................Add. 9

***Texas Statutes***

Tex. Fam. Code § 9.006 (Enforcement of Division of Property)..............Add. 10

Tex. Fam. Code § 9.008 (Clarification Order) ..........................................Add. 10

Tex. Fam. Code § 9.012 (Contempt) ........................................................Add. 10

Tex. Fam. Code § 9.014 (Attorney's Fees) ...............................................Add. 10

# STATEMENT OF INCLUSION

This Addendum reproduces the pertinent statutes whose interpretation and application are necessary for the Court's determination of the issues presented in this appeal. It is filed pursuant to Federal Rule of Appellate Procedure 28(f), which directs that *"the relevant parts must be set out in the brief or in an addendum at the end."* Internal cross-references and editorial notes from the official codifications have been omitted; statutory text is otherwise reproduced verbatim from the official source. Provisions appear in the order in which they are most prominently relied upon in the Opening Brief.

## 28 U.S.C. § 1447

### *Procedure after removal generally*

(a)  In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.

(b)  It may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court.

(c)  A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

(d)  An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

(e)  If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

**29 U.S.C. § 1056(d)**

***Form and payment of benefits — Assignment or alienation of plan benefits***

(1) Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated.

(2) For the purposes of paragraph (1) of this subsection, there shall not be taken into account any voluntary and revocable assignment of not to exceed 10 percent of any benefit payment, or of any irrevocable assignment or alienation of benefits executed before September 2, 1974. The preceding sentence shall not apply to any assignment or alienation made for the purposes of defraying plan administration costs. For purposes of this paragraph a loan made to a participant or beneficiary shall not be treated as an assignment or alienation if such loan is secured by the participant's accrued non-forfeitable benefit and is exempt from the tax imposed by section 4975 of title 26 (relating to tax on prohibited transactions) by reason of section 4975(d)(1) of title 26.

**(3)**

(A) Paragraph (1) shall apply to the creation, assignment, or recognition of a right to any benefit payable with respect to a participant pursuant to a domestic relations order, except that paragraph (1) shall not apply if the order is determined to be a qualified domestic relations order. Each pension plan shall provide for the payment of benefits in accordance with the applicable requirements of any qualified domestic relations order.

(B) For purposes of this paragraph—

(i) the term "qualified domestic relations order" means a domestic relations order—

(I) which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan, and

(II) with respect to which the requirements of subparagraphs (C) and (D) are met, and

(ii) the term "domestic relations order" means any judgment, decree, or order (including approval of a property settlement agreement) which—

(I) relates to the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child, or other dependent of a participant, and

(II) is made pursuant to a State or Tribal domestic relations law (including a community property law).

(C) A domestic relations order meets the requirements of this subparagraph only if such order clearly specifies—

(i) the name and the last known mailing address (if any) of the participant and the name and mailing address of each alternate payee covered by the order,

(ii) the amount or percentage of the participant's benefits to be paid by the plan to each such alternate payee, or the manner in which such amount or percentage is to be determined,

(iii) the number of payments or period to which such order applies, and

(iv) each plan to which such order applies.

(D) A domestic relations order meets the requirements of this subparagraph only if such order—

(i) does not require a plan to provide any type or form of benefit, or any option, not otherwise provided under the plan,

(ii) does not require the plan to provide increased benefits (determined on the basis of actuarial value), and

(iii) does not require the payment of benefits to an alternate payee which are required to be paid to another alternate payee under another order previously determined to be a qualified domestic relations order.

(G) [Plan administrator's review of domestic relations orders.]

(i) In the case of any domestic relations order received by a plan—

(I) the plan administrator shall promptly notify the participant and each alternate payee of the receipt of such order and the plan's procedures for determining the qualified status of domestic relations orders, and

(II) within a reasonable period after receipt of such order, the plan administrator shall determine whether such order is a qualified domestic relations order and notify the participant and each alternate payee of such determination.

(ii) Each plan shall establish reasonable procedures to determine the qualified status of domestic relations orders and to administer distributions under such qualified orders. Such procedures shall be in writing, shall provide for the notification of each person specified in a domestic relations order as entitled to payment of benefits under the

plan (at the address included in the domestic relations order) of such procedures promptly upon receipt by the plan of the domestic relations order, and shall permit an alternate payee to designate a representative for receipt of copies of notices that are sent to the alternate payee with respect to a domestic relations order.

(H) [Segregated amounts during pendency of qualification.]

(i) During any period in which the issue of whether a domestic relations order is a qualified domestic relations order is being determined (by the plan administrator, by a court of competent jurisdiction, or otherwise), the plan administrator shall separately account for the amounts (hereinafter in this subparagraph referred to as the "segregated amounts") which would have been payable to the alternate payee during such period if the order had been determined to be a qualified domestic relations order.

(ii) If within the 18-month period described in clause (v) the order (or modification thereof) is determined to be a qualified domestic relations order, the plan administrator shall pay the segregated amounts (including any interest thereon) to the person or persons entitled thereto.

(iii) If within the 18-month period described in clause (v)—

(I) it is determined that the order is not a qualified domestic relations order, or

(II) the issue as to whether such order is a qualified domestic relations order is not resolved,

then the plan administrator shall pay the segregated amounts (including any interest thereon) to the person or persons who would have been entitled to such amounts if there had been no order.

(iv) Any determination that an order is a qualified domestic relations order which is made after the close of the 18-month period described in clause (v) shall be applied prospectively only.

(v) For purposes of this subparagraph, the 18-month period described in this clause is the 18-month period beginning with the date on which the first payment would be required to be made under the domestic relations order.

(J) A person who is an alternate payee under a qualified domestic relations order shall be considered for purposes of any provision of this chapter a beneficiary under the plan. Nothing in the preceding sentence shall permit

a requirement under section 1301 of this title of the payment of more than 1 premium with respect to a participant for any period.

(K) The term "alternate payee" means any spouse, former spouse, child, or other dependent of a participant who is recognized by a domestic relations order as having a right to receive all, or a portion of, the benefits payable under a plan with respect to such participant.

**29 U.S.C. § 1132**

*Civil enforcement — Pertinent excerpts*

### (a) Persons empowered to bring a civil action

A civil action may be brought—

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

### (e) Jurisdiction

(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

**Tex. Fam. Code § 9.006**

*Enforcement of Division of Property*

(a) Except as provided by this subchapter and by the Texas Rules of Civil Procedure, the court may render further orders to enforce the division of property made or approved in the decree of divorce or annulment to assist in the implementation of or to clarify the prior order.

(b) The court may specify more precisely the manner of effecting the property division previously made or approved if the substantive division of property is not altered or changed.

(c) An order of enforcement does not alter or affect the finality of the decree of divorce or annulment being enforced.

**Tex. Fam. Code § 9.008**

*Clarification Order*

(a) On the request of a party or on the court's own motion, the court may render a clarifying order before a motion for contempt is made or heard, in conjunction with a motion for contempt or on denial of a motion for contempt.

(b) On a finding by the court that the original form of the division of property is not specific enough to be enforceable by contempt, the court may render a clarifying order setting forth specific terms to enforce compliance with the original division of property.

(c) The court may not give retroactive effect to a clarifying order.

(d) The court shall provide a reasonable time for compliance before enforcing a clarifying order by contempt or in another manner.

**Tex. Fam. Code § 9.012**

*Contempt*

(a) The court may enforce by contempt an order requiring delivery of specific property or an award of a right to future property.

(b) The court may not enforce by contempt an award in a decree of divorce or annulment of a sum of money payable in a lump sum or in future installment payments in the nature of debt, except for:

(1) a sum of money in existence at the time the decree was rendered; or

(2) a matured right to future payments as provided by Section 9.011.

(c) This subchapter does not detract from or limit the general power of a court to enforce an order of the court by appropriate means.

## Tex. Fam. Code § 9.014

### *Attorney's Fees*

The court may award reasonable attorney's fees in a proceeding under this subchapter. The court may order the attorney's fees to be paid directly to the attorney, who may enforce the order for fees in the attorney's own name by any means available for the enforcement of a judgment for debt.

The foregoing statutory text is reproduced verbatim from the official sources: 28 U.S.C. § 1447 (Office of the Law Revision Counsel, U.S. House of Representatives, *uscode.house.gov*); 29 U.S.C. §§ 1056, 1132 (*id.*); Tex. Fam. Code §§ 9.006, 9.008, 9.012, 9.014 (Texas Constitution and Statutes, *statutes.capitol.texas.gov*).