U.S. COURT OF APPEALS
FIFTH CIRCUIT

RECEIVED

Jun 29, 2026

No. 26-10118

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**FUYAN WANG,**
Plaintiff-Appellee,

v.

**CONGHUA YAN,**
Defendant-Appellant.

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
Civil Action No. 4:25-cv-01247-P

**CITATION OF SUPPLEMENTAL AUTHORITY UNDER FED. R. APP. P. 28(j)**

Dear Clerk:

Under Fed. R. App. P. 28(j), Appellant submits *Margolin v. National Association of Immigration Judges*, 608 U.S. ___, No. 25-767 (May 26, 2026) (per curiam).

*Margolin* is pertinent to Issue 1 and Opening Brief pages 34-39. Appellant argued that the district court sua sponte supplied *Younger*/*Juidice* abstention for a nonappearing plaintiff who never moved to remand, never invoked abstention, and never asked the federal court to surrender removal jurisdiction. The district court then treated that court-supplied, nonjurisdictional abstention theory as fully dispositive.

*Margolin* confirms the party-presentation limits on that procedure. The Court explained that courts are "essentially passive instruments of government," rely on parties to "frame the issues for decision," and decide "only the questions presented." *Id.,* slip op. at 3. It reversed where the court decided "a case different from the one [respondent] advanced," transformed the dispute sua sponte, and acted "without giving either side a chance to address its theory." *Id.*, slip op. at 4. The Court also warned that federal courts are not "roving commissions." *Id.*

That rule supports Appellant's preserved argument that the district court could not construct and resolve a complete *Younger*/*Juidice* theory for a silent plaintiff, then remand the removed ERISA case on that unrequested theory without adversarial testing of waiver, *Sprint's* category requirement, ERISA complete preemption, and *Quackenbush*.

Respectfully submitted,

*/s/ Conghua Yan*
Conghua Yan
Pro Se Defendant-Appellant
2140 E. Southlake Boulevard, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com

## CERTIFICATE OF SERVICE

I certify that on June 29, 2026, a true and correct copy of this Rule 28(j) letter was served on all parties or counsel of record through the Court's CM/ECF system or by any other method required by the Federal Rules of Appellate Procedure and the Fifth Circuit's rules.

*/s/ Conghua Yan*
Conghua Yan