# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**FUYAN WANG,**

Plaintiff-Appellee,

v.

**CONGHUA YAN,**

Defendant-Appellant.

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
Civil Action No. 4:25-cv-01247-P

## CITATION OF SUPPLEMENTAL AUTHORITIES UNDER FED. R. APP. P. 28(j)

Dear Clerk:

Under Fed. R. App. P. 28(j), Appellant submits six authorities that came to his attention after the Opening Brief and are relevant to Issue 3 and Opening Brief pages 47-57: *EEOC v. SkyWest Airlines, Inc.*, No. 25-10491, slip op. at 8-12 (5th Cir. July 9, 2026); *Montgomery v. Caribe Transport II, LLC*, 146 S. Ct. 1199, 608 U.S. ___, No. 24-1238, slip op. at 6-7 (May 14, 2026); *Champion International Corp. v. Brown*, 731 F.2d 1406, 1408-09 (9th Cir. 1984); *Callahan v. Callahan*, 247 F. Supp. 2d 935, 941-45 (S.D. Ohio 2002); *Brown v. United Parcel Service, Inc.*, No. 99-10092, slip op. at 4-5 (5th Cir. Oct. 31, 2000) (unpublished); and *Galvan v. SBC Pension Benefit Plan*, No. SA-04-CV-333-XR, Doc. 74, at 7-10 (W.D. Tex. Mar. 28, 2007).

*SkyWest* and *Montgomery* bar judicial additions to statutory text. *SkyWest*, slip op. at 9-12; *Montgomery*, slip op. at 7.

*Champion* supplies ERISA context and distinguishes a challenge to one order from an attack on the State's contempt machinery. 731 F.2d at 1408-09. Appellant disclaims *Champion's* broader state-interest language. *NOPSI* held substantial preemption insufficient and left the facially-conclusive question open. 491 U.S. 350, 366-67 (1989).

*Brown* and *Galvan* provide the strongest in-circuit support. *Brown* arose from a Tarrant County decree/QDRO enforcement-and-clarification action demanding plan benefits. The Fifth Circuit held

the claim completely preempted, removal proper, and the district court had **"no power to remand."** Slip op. at 2-5. *Galvan*, relying on *Callahan*, held a claim originating in state contempt against a former husband completely preempted; federal law would define liability. Doc. 74 at 7-10.

*Callahan* separately held **abstention inappropriate** because the divorce and domestic status were settled and determining ERISA rights would not interfere with domestic-relations policy. 247 F. Supp. 2d at 944-45.

Together, these authorities support Appellant's preserved argument that the district court could not make *Juidice* fully dispositive **without first deciding complete preemption**. ROA.100; Opening Br. 47-57. Wang likewise sought compelled plan disbursement and QDRO-related relief. ROA.17.

Respectfully submitted,

*/s/ Conghua Yan*
Conghua Yan
Pro Se Defendant-Appellant
2140 E. Southlake Boulevard, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com

# CERTIFICATE OF SERVICE

I certify that on August 2, 2026, a true and correct copy of this Rule 28(j) letter was served on all parties or counsel of record through the Court's CM/ECF system or by any other method required by the Federal Rules of Appellate Procedure and the Fifth Circuit's rules.

*/s/ Conghua Yan*
Conghua Yan

# CERTIFICATE OF COMPLIANCE

I certify that the body of this letter is 330 words and therefore complies with the 350-word limitation in Fed. R. App. P. 28(j).

*/s/ Conghua Yan*
Conghua Yan