# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 24, 2026
Thomas B. Plunkett, III
Clerk

No. 26-10118
Summary Calendar

Fuyan Wang,

*Plaintiff—Appellee*,

*versus*

Conghua Yan,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CV-1247

Before Willett, Duncan, and Engelhardt, *Circuit Judges*:

Per Curiam:*

Conghua Yan, proceeding pro se, appeals an order remanding the case to the 360th District Court of Tarrant County, Texas. We VACATE and REMAND.

Fuyan Wang sued Yan, her ex-husband, in Texas state court to enforce a divorce decree. She sought assets from Yan's employer-sponsored

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

401(k) retirement plan. That plan is covered by the Employee Retirement Income Security Act of 1974 (ERISA), so Yan removed the case to federal court. Because Wang had filed a contempt proceeding against Yan, the magistrate judge recommended remand under *Younger v. Harris*, 401 U.S. 37 (1971). The district court overruled Yan's objections and remanded the case.

We review a district court's decision to abstain for abuse of discretion, but we review de novo whether the requirements of abstention are met. *Daves v. Dallas County*, 64 F.4th 616, 622–23 (5th Cir. 2023) (en banc). *Younger* abstention is appropriate when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the subject matter of the claim implicates an important state interest; and (3) the plaintiff can raise constitutional challenges in state court. *La. Debating & Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1490 (5th Cir. 1995).

The district court did not address *Younger*'s first requirement: whether the removed contempt proceeding remains an ongoing state judicial proceeding. *Compare Vill. of DePue v. Exxon Mobil Corp.*, 537 F.3d 775, 783 (7th Cir. 2008) ("Removal under 28 U.S.C. § 1441 simply does not leave behind a pending state proceeding that would permit *Younger* abstention."), *and Berry v. Wells Fargo Bank, N.A.*, 2022 WL 728969, at *3 (5th Cir. Mar. 10, 2022) (unpublished) (citing *Village of Depue*), *with Lutz v. Calme*, 198 F.3d 246 (6th Cir. 1999) (unpublished) (applying *Younger* to a removed criminal proceeding), *and* Daniel C. Norris, *The Final Frontier of Younger Abstention: The Judiciary's Abdication of the Federal Court Removal Jurisdiction Statute*, 31 Fla. St. U.L. Rev. 193, 220 (2003) ("a proceeding is considered to be ongoing in state court for abstention purposes regardless of its removal to federal court").

Accordingly, we VACATE the remand order and REMAND for the district court to determine whether the removed contempt proceeding qualifies as an ongoing state judicial proceeding under *Younger*.